# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DANIEL SAMUEL JASON, Defendant. | No. 09-CR-87-LRR  **ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Daniel Samuel Jason's "Motion to Dismiss Indictment (Improper Venue)" ("Motion") (docket no. 31).

## II. RELEVANT FACTUAL BACKGROUND

On December 15, 2009, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c). The Indictment charges that Defendant caused a threatening letter to be delivered to a recipient in the Northern District of Iowa. The parties agree that, at the time the letter was mailed, Defendant was incarcerated at the Iowa Medical Classification Center at Oakdale in Johnson County, Iowa, which is in the Southern District of Iowa.

On March 1, 2010, Defendant filed the Motion. On March 3, 2010, the government filed a Resistance to the Motion.

## III. ANALYSIS

In the Motion, Defendant asserts that "[v]enue for prosecution of this matter is not properly found in the Northern District of Iowa." Motion at 1. Defendant contends that venue for the crime of mailing threatening communications is properly found in the location where the letter originates, not where it is ultimately received. The government

argues that venue is proper in the Northern District of Iowa, because an offense involving use of the mail "may be . . . prosecuted in any district . . . into which such . . . mail matter . . . moves." Gov. Brief at 2 (citing 18 U.S.C. § 3237(a)).

In support of its argument, Defendant cites *United States v. Strewl*, 99 F.2d 474 (2d Cir. 1938). In *Strewl*, the court found that venue for a violation of 18 U.S.C. §338(a) may only be found in the district in which the mail was posted. *Strewl*, 99 F.2d at 477. The court finds this case unpersuasive for two reasons.

First, the statute at issue in *Strewl* was not 18 U.S.C. § 876(c), but rather 18 U.S.C. §338(a), which "made posting a letter the only crime." *Id*. "[I]t was not until the amendment of 1935 (49 Stat. 427) that the delivery of the letter at its destination was added as a separate crime." *Id*. Because *Strewl* did not analyze venue for purposes of Defendant's charged offense, *Strewl* is irrelevant to resolving the Motion.

Second, Congress did not add the language which prescribes venue for purposes of offenses involving the mail to 18 U.S.C. § 3237 until 1948—ten years after the decision in *Strewl*. *United States v. Cashin*, 281 F.2d 669, 674 (2d. Cir. 1960). "An examination of the legislative history of [the paragraph concerning the use of the mail in 18 U.S.C. § 3237(a)], shows clearly that it was intended to broaden the venue permissible under the pre-existing law[.]" *Id*. (citing H.R. Rep.No. 304, 80th Cong. 1st Sess. (1948); *United States v. Johnson*, 323 U.S. 273 (1944)). The Second Circuit decided *Strewl* before Congress amended the general venue statute to specifically address crimes involving the mail. Accordingly, *Strewl* is irrelevant to the instant analysis.

The court finds that venue is proper in the Northern District of Iowa. Defendant is charged with an offense "involving the use of the mails," and therefore, the crime may be "prosecuted in any district from, through, or into which such . . . mail matter . . . moves." 18 U.S.C. § 3237(a); s*ee also United States v. Brown*, 185 F.3d 869, at *1 (9th

Cir. 1999) (table) (stating that 18 U.S.C. § 876 is an offense involving the use of the mails for purposes of 18 U.S.C. § 3237(a)).

## IV. CONCLUSION

For the foregoing reasons, the Motion (docket no. 31) is **DENIED.**

**IT IS SO ORDERED.**

**DATED** this 4th day of March, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA