# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-CR-87-LRR |
| vs. | **ORDER** |
| DANIEL SAMUEL JASON, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Defendant Daniel Samuel Jason's "Motion for Preliminary Determination of Admissibility of Evidence" ("Motion") (docket no. 32).

## II. RELEVANT PROCEDURAL BACKGROUND

On December 15, 2009, a grand jury returned a one-count Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with Mailing Threatening Communications, in violation of 18 U.S.C. § 876(c).

On March 1, 2010, Defendant filed the Motion. On March 10, 2010, the government filed a Resistance (docket no. 35) to the Motion. Defendant requests a hearing on the Motion. The court finds that a hearing is unnecessary. The Motion is fully submitted and ready for decision.

## III. RELEVANT FACTUAL BACKGROUND

On May 29, 2008, Defendant was convicted of Stalking and Tampering with a Witness in the Iowa District Court for Johnson County, Case No. 06521 FECR078976. Attorney Dawn Wilson was appointed to represent Defendant in the post-conviction proceedings.

On November 17, 2008, Defendant allegedly wrote a threatening letter to his attorney, which is the basis for the instant Indictment. On November 20, 2008,

Defendant's attorney received the letter. On November 21, 2008, Defendant's attorney moved to withdraw as counsel. On the same date, she sent a copy of the motion to withdraw to Defendant. On or about December 2, 2008, Defendant left his attorney a voicemail. On December 17, 2008, the Iowa District Court in Johnson County granted the motion to withdraw.

## IV. ANALYSIS

In the Motion, Defendant asks the court to exclude: (1) "[a]n undated letter (believed to be authored sometime in November 2008) from Defendant to his then-attorney"; (2) "[a] recording of a voice message left by Defendant on his then-attorney's telephone answering machine on or about December 4, 2008"; and (3) [t]estimony of Defendant's then-attorney regarding communication between Defendant and his attorney." Motion at 1-2. Defendant contends that this evidence is protected by the attorney-client privilege and therefore, is inadmissible. The government contends that all of the above evidence is admissible.

### A. Attorney-Client Privilege

"Federal Rule of Evidence 501 provides that 'the privilege of a witness . . . shall be governed by the principles of the common law[.]'" *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (quoting Fed. R. Evid. 501). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Id.* (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). "The attorney-client privilege extends only to confidential communications made for the purpose of facilitating the rendition of legal services to the client." *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984) (citing *In re Malone*, 665 F.2d 882, 886 (8th Cir. 1981)).

Not every communication made to an attorney is privileged. *United States v. Bartlett*, 449 F.2d 700, 704 (8th Cir. 1971). The party claiming attorney-client privilege

bears the burden of establishing its existence. *Bouschor v. United States*, 316 F.2d 451, 456 (8th Cir. 1963).

In Iowa, the attorney-client privilege is codified at Iowa Code § 622.10:

> [a] practicing attorney . . . who obtains information by reason of the person's employment . . . shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

Iowa Code § 622.10.

### B. The Letter

Defendant asserts that the letter he allegedly wrote to his attorney is inadmissible pursuant to Federal Rule of Evidence 501. A communication from client to attorney is only privileged if it is made for the purpose of seeking legal advice. *Horvath*, 731 F.2d at 561. The court has reviewed the letter and finds that the statements in it were not made for this purpose. *See United States v. Alexander*, 287 F.3d 811, 816 (9th Cir. 2002) (holding that the defendant's "threats to commit violent acts against [his attorney] and others were clearly not communications in order to obtain legal advice"). Accordingly, the court finds that the letter is admissible.

### C. The Audio Recording

Defendant argues that the voicemail is a privileged communication and therefore, is inadmissible. In the voicemail, Defendant states that he received a copy of his attorney's motion to withdraw as counsel. He asks his attorney to provide him with the name and contact information of his new attorney. He also makes statements about a letter. The government asserts that this tape is admissible, because the attorney-client relationship had terminated and because the statements on the tape were not made to seek legal services.

3

### *1.   Attorney-client relationship*

The government contends that, at the time Defendant left the message, an attorney-client relationship no longer existed, because Defendant's attorney had moved to withdraw. If no attorney-client relationship existed, any statements made by Defendant to his former attorney are not privileged. Under Iowa law, an attorney-client relationship exists when "(1) a person sought advice or assistance from an attorney, (2) the advice or assistance sought pertained to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agreed to give or actually gave the desired advice or assistance." *State v. Parker*, 747 N.W.2d 196, 203-203 (Iowa 2008) (internal quotation marks omitted). This standard follows the Restatement (Third) of the Law Governing Lawyers § 14 (2002) ("Restatement"). *Id.* The Restatement provides that an attorney-client relationship exists when:

> (1) A person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and either
>
> (a) the lawyer manifests the person consent to do so[;] or
>
> (b) the lawyer fails to manifest lack of consent to do so, and the lawyer knows or reasonably should know that the person reasonably relies on the lawyer to provide the services [.]

*Id.* (citing Restatement).

To terminate an attorney-client relationship, the Iowa Rules of Professional Conduct provide that "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal[.]  When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Iowa Rules of Professional Conduct R. 32:1.16(c).

The court finds that, at the time Defendant left the voicemail, an attorney-client relationship was still intact. Although Defendant's attorney had moved to withdraw, the Iowa District Court for Johnson County had not granted the motion. The factors indicating

4

an attorney-client relationship were arguably still intact at the time that Defendant left the voicemail.

### 2. *Statements made for purpose of obtaining legal advice*

The government contends that, even if an attorney client-relationship was still intact when Defendant left the voicemail at issue, the statements on the voicemail were not made "for the purpose of facilitating the rendition of legal services to the client." *Horvath*, 731 F.2d at 561 (8th Cir. 1984). "[A] matter committed to a professional legal [advisor] is 'prima facie' so committed for the sake of the legal advice which may be more or less desirable for some aspect of the matter, and is therefore within the privilege, unless it clearly appears to be lacking in aspects requiring legal advice." Wigmore, Evidence § 2296 (McNaughton rev. 1961). Although this standard seems broad, courts strictly construe the attorney-client privilege, "[b]ecause it impedes the full and free discovery of the truth[.]"[1] *Miller v. Cont'l Ins. Co.*, 392 N.W.2d 500, 504 (Iowa 1986).

The court has listened to the voicemail at issue. A strict construction of the statements at issue compels the court to find that the voicemail "clearly appears to be

---

[1] The court notes that the Iowa Supreme Court provides contrary authority on this point. Prior to its decision in *Miller*, the Iowa Supreme Court held that "the privilege section should receive a liberal construction to carry out the manifest purpose of the statute[.]" *Allen v. Lindeman*, 148 N.W.2d 610, 615 (Iowa 1967). The Iowa Supreme Court decided *Miller* nineteen years after *Allen*. The court finds that strict construction of attorney-client privilege is appropriate. *See In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 918 (8th Cir. 1997) (discussing the common law of privilege and stating "[p]rivileges, as exceptions to the general rule, 'are not lightly created nor expansively construed, for they are a derogation of the search for the truth'") (quoting *United States v. Nixon*, 418 U.S. 683, 710 (1974)); *Trammel v. United States*, 445 U.S. 40, 50 (1980) (stating that testimonial privileges "must be strictly construed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth'") (quoting *Elkins v. United States*, 364 U.S. 206, 234 (1960) (Frankfurter, J., dissenting)).

lacking in aspects requiring legal advice." Wigmore, Evidence § 2296. Defendant does not ask for advice concerning his case. He simply asks for contact information, a task which does not require an attorney's professional competence to complete. Accordingly, the court finds that the tape of the voicemail is admissible.

### *D. Testimony*

Defendant argues that any testimony by his former attorney should be deemed inadmissible. The court finds that Defendant's former attorney may testify as to any issues not covered by the attorney-client privilege. *Alexander*, 287 F.3d at 817 (explaining that an attorney's testimony that did not divulge any communications covered by the privilege was permissible).

### *V. CONCLUSION*

In light of the foregoing, the Motion (docket no. 32) is **DENIED.**

**IT IS SO ORDERED.**

**DATED** this 18th day of March, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA