# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL SAMUEL JASON,<br><br>    Defendant. | No. CR09-0087-LRR<br><br>**ORDER** |

The matter before the court is the defendant's motion to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure (docket no. 128). The defendant filed such motion on March 23, 2011.

Except in limited circumstances, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). The only subsection of 18 U.S.C. § 3582(c) that appears to be available to the defendant is (1)(B). That subsection provides the following:

> [T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

18 U.S.C. § 3582(c)(1)(B). Rule 35 of the Federal Rules of Criminal Procedure, in relevant part, provides:

> (b) Reducing a Sentence for Substantial Assistance.
>
> > (1) In General. *Upon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided

> substantial assistance in investigating or prosecuting another person.
>
> (2) Later Motion. *Upon the government's motion* made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
>> (A) information not known to the defendant until one year or more after sentencing;
>>
>> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>>
>> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

*See* Fed. R. Crim. P. 35(b)(1)-(2) (emphasis added). Rule 35(b) of the Federal Rules of Criminal Procedure does not provide the defendant with the authority to reduce his sentence. *Id*. Only the government is able to rely on Rule 35(b) of the Federal Rules of Criminal Procedure; the government must move the court to reduce the defendant's sentence for providing substantial assistance. *Id*.

Moreover, when the defendant and the government entered into a plea agreement, the defendant waived a number of rights. Specifically, the defendant agreed to the following:

> After conferring with defendant's attorney and after being advised of defendant's appeal rights, defendant knowingly and voluntarily waives defendant's right to appeal the conviction and sentence imposed, or to request or receive any reduction in sentence by operation of 18 U.S.C. § 3582(c)(2).

> Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 2241, *coram nobis*, and motions to reconsider or reduce defendant's sentence. Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective. This waiver does not, however, prevent the defendant from challenging the effectiveness of defendant's attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of defendant's attorney. The waivers set out above relate to any issues that now exist or that may arise in the future. Defendant agrees to these waivers in order to induce the government to accept the provisions and stipulations of this plea agreement, to avoid trial, and to have defendant's case finally concluded. Defendant understands that, at the conclusion of the sentencing hearing, the court will note defendant's appeal rights are limited by this waiver. No assurances or promises have been made by any party as to what defendant's ultimate sentence will be.

Given his previous stipulations, the court concludes that the defendant is not permitted to file the instant motion.

In sum, because the government did not move the court to reduce the defendant's sentence and because the defendant previously agreed that he would not file a motion after judgment entered against him, the motion to reduce sentence under Rule 35 of the Federal Rules of Criminal Procedure shall be denied.

**IT IS THEREFORE ORDERED**:

The defendant's motion to reduce sentence under Rule 35 of the Federal Rules of

Criminal Procedure (docket no. 128) is denied.

**DATED** this 25th day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA